VANDENBURGH v. ELECTRIC WELDING CO.

(District Court, W. D. Pennsylvania. May Term, 1917.)

No. 127.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—CONCRETE REINFORCING BAR.
    The Vandenburgh reissue patent, No. 14,182 (original No. 841,741), for
    a reinforcing bar for concrete structures, *held* void for lack of invention;
    also not infringed, if conceded validity.

In Equity. Suit by George E. Vandenburgh against the Electric
Welding Company. On final hearing. Decree for defendant.

E. A. Lawrence, of Pittsburgh, Pa., and Carlos P. Griffin, of San
Francisco, Cal., for plaintiff.

F. W. Winter and Jo. Baily Brown, both of Pittsburgh, Pa., for
defendant.

ORR, District Judge. The plaintiff, who is the patentee and owner
of reissued patent No. 14,182, dated August 15, 1916, for a "reinforc-
ing bar," filed his bill against the defendant, charging that the de-
fendant has infringed plaintiff's rights under said reissued patent and
demanding an accounting. The bill is in the ordinary form. The
answer sets up that the patent is invalid, and further that, if the patent
could by any means be adjudged valid, yet defendant has not and
does not use the device of the patent, and therefore does not infringe
any of plaintiff's rights granted to him by the said patent. By stipula-
tion filed, claims 1, 2, and 3 of the reissued patent are involved.

The original patent is No. 841,741, and was issued January 22,
1917, upon an application filed May 9, 1906. The drawings attached
to the reissued patent are the same as those attached to the original
patent, except that they are upon a smaller scale. The specification of
the reissued patent is for all purposes necessary for the consideration
of this case, the same as the specification of the original patent. The
only difference between the two patents is in the matter of the claims
which for the present need not be considered.

The patent relates to the art of reinforcing concrete. It is one of
an exceedingly large number in that art, many of which have been
submitted to this court in other cases in which the art has received
consideration. In none of these cases has there been the same evidence
of prior uses or the same evidence as to the state of the art at and
immediately before the time when the various patents under consid-
eration were applied for. In the present case the evidence of the
state of the art at and before the time of the application by the plain-
tiff for his original patent is more voluminous than in any case that
has been brought hitherto before this court. The evidence in this
case shows that the study of methods of reinforcing concrete has
been intense and widespread for years. The object of reinforcement
is to give strength in those parts of the concrete structure where strains
may be expected. Building operations close to the public streets and
bridges and road construction on highways and along railroads have

made the general public familiar with the facts that long rods and bars, short rods and bars, rods and bars with angles or with curves or loops, wire meshwork, and meshwork of other materials are all sometimes severally used for that purpose. The calculation of stresses by constructing engineers and the introduction into the concrete mass of reinforcing members, where such stress is likely to be found, are matters in which the public is so largely interested that serious consideration should be given to the question of the validity of the patent, although as between the parties to the litigation the case may be disposed of because infringement is not found.

It is not necessary to give a pictorial illustration of the plaintiff's structure. It suggests the penholder rack, which for many years has been found on writing desks, and which consists of a horizontal spiral coil of wire fastened to a base, by means of which the separate coils are maintained in a general vertical position.

We refer now to the specification, and find that the patentee sets forth the nature and object of what he calls his invention in the following language:

"This invention relates to a reinforcing bar particularly adapted for cement and concrete construction, wherein the bar is imbedded in the plastic body to be supported thereby.

"The invention has for an object to provide a reinforcing bar with one or more spirally-disposed coils secured to the bar, so as to provide an extended area of contact adapted to resist strain longitudinally and laterally of the bar and to form a truss within the body of concrete or other plastic material which provides the maximum of supporting strength in the arch or surface to be formed.

"Other and further objects and advantages of the invention will be hereinafter set forth, and the novel features thereof defined by the appended claims."

He emphasizes his preferred construction as being:

"Thus providing a construction in which all lateral pull or strain of the coil is avoided, owing to the equalization thereof by the oppositely extending coils and the tendency of the coils to move or flatten toward the face of the bar resisted."

He mentions a preferred means of securing the coils to the bar by setting the coils within kerfs and holding them therein by means of integral spurs "which are forced downward upon the coils when inserted and permanently retain them in position."

It was urged at the trial that one of the special advantages of the plaintiff's construction was its collapsibility, and therefore its suitability for transportation from the place of manufacture to the place of use. The structure of the patent is not collapsible. The quotations above indicate it. If the integral spurs are forced down upon the coils, and permanently retain them in position, there can be no collapsibility. The bar to which the coils are attached is a spacing member in its relation to the plaintiff's structure. In its relation to the concrete structure it may or may not be a reinforcing member, dependent upon an engineer's determination of stress to be relieved. The reinforcing bar of the patent, however, embraces both the helicoidal coil and the bar just referred to, which may be called the spacing member. That collapsibility was not a feature of the structure of the plaintiff

under the original patent is clear, because the first two claims of that patent require the spiral coil to be "rigidly secured" to the bar, and none of the other claims indicate a different relation between the two. In the reissued patent the first two claims of the original patent have been eliminated. It will be noticed, in reading the three claims of the reissued patent which are in suit, as hereinafter quoted, that the first two require the spiral coil to be "permanently secured" to the bar, and that the third indicates it because it requires the overlapping spur to retain beneath it a convolution of the coil. The three claims are as follows:

"1. A concrete reinforcing, consisting of a bar having a plurality of integral spurs, and a spiral coil permanently secured thereto by having the spurs bent down on the several coils, the coils extending beyond and free of the bar at the opposite side therefrom to the securing point.

"2. A concrete reinforcing consisting of a bar having integral means to secure a coil thereto, and a spiral coil permanently secured to the bar in each convolution and extended beyond and free of said bar at the opposite side therefrom to the securing point.

"3. A reinforcing bar provided upon one edge with a series of kerfs, each having an integral overlapping spur, and a coil disposed in said kerfs; each convolution thereof being retained beneath one of said spurs."

Being satisfied that collapsibility was not a feature of the device of the first patent, the court is equally satisfied that, if collapsibility may be found to be disclosed in the reissued patent, then the reissued patent was broader than the original and should not have been granted. The evidence clearly discloses that intervening rights have arisen. Therefore the reissued patent must be held invalid, as being broader than the original to the extent, at least, that there is a disclosure therein of collapsibility in the plaintiff's structure.

However, it is unnecessary to decide this case upon the question as to whether or not the plaintiff's structure is collapsible, or whether it is rigid or otherwise permanent in the relations between the coil and the bar. This court is satisfied that there was no invention upon the part of the plaintiff. There is no suggestion throughout the record that the bar of the plaintiff has met any predetermined engineering demands in concrete construction. Helicoidal bars, wires, hoops, and methods of attaching the same to bars for the purpose of keeping apart the several convolutions thereof are old in the art. The attachment of wire to bars or sheets of metal by overlapping spurs of kerfs is old. The patent has no novelty.

It is unnecessary to set forth with any degree of particularity the various patents and publications which have led the court to this conclusion. However, much light may be thrown upon the subject by referring to "Experimental Researches on Reinforced Concrete," by Armand Considere, translated into English and published in New York in 1903.

In the view this court has taken in this case, it is unnecessary to dwell on the subject of infringement. If by any possibility the patent could be held valid, it is most limited in its scope. If valid, and thus limited, there has been no infringement.

The bill of complaint must be dismissed, at plaintiff's cost.