VANDENBURGH v. CONCRETE STEEL CO.*

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

No. 172.

1. PATENTS ⊙⟞328—VALIDITY AND INFRINGEMENT—CONCRETE REINFORCING BAR.

The Vandenburgh reissue patent, No. 14,182, for a concrete reinforcing bar, claims 1 and 2, are void, as too broad. Claims 3 and 5 disclose invention and are valid; also *held* infringed.

2. PATENTS ⊙⟞147—REISSUE—PARTIAL INVALIDITY.

The fact that some of the claims of a reissued patent are invalid, as too broad, does not invalidate other claims.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by George E. Vandenburgh against the Concrete Steel Company. Decree for defendant, and complainant appeals. Reversed.

Carlos P. Griffin, of San Francisco, Cal. (James H. Griffin, of New York City, of counsel), for appellant.

Lucius E. Varney, of New York City, for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. [1] United States reissued patent 14,182, to George E. Vandenburgh, for a concrete reinforcing bar, was held void for want of invention by the District Court for the Western District of Pennsylvania in the suit of Vandenburgh v. Electric Welding Co., 259 Fed. 579, while the court below dismissed the bill in this case against the Concrete Steel Company for noninfringement. Both courts held that the original patent did not contemplate collapsibility of the structure, because the spiral coil was described as rigidly fixed by kerfs and spurs on the reinforcing bar. For this reason it was held that claims 1 and 2 of the reissue, which were intended to cover collapsibility of the structure, were invalid, as too broad. We agree in this conclusion.

But claim 3 of the reissue is literally the same as claim 3 of the original patent, and claim 5 of the reissue is literally the same as claim 4 of the original patent. These claims should be construed consistently with the specifications, which are also literally the same in each patent, as meaning that the spiral coil is rigidly connected with the longitudinal bar at each point of contact. So construed, the claim describes a continuous spiral rigidly and integrally connected with kerfs and spurs in the bar, constituting a trusslike structure within the body of the concrete, resisting lateral and longitudinal strains, and which can be more cheaply manufactured than if the spiral were riveted or welded to the bar at each point of contact.

[2] The defendant's witness Cummings frankly admits that this form of reinforcing structure was new in cement work and has come into general use. The fact that claims 1 and 2 of the reissue are invalid, as too broad, does not invalidate claims 3 and 5. Gage v. Her-

ring, 107 U. S. 640, 646, 2 Sup. Ct. 819, 27 L. Ed. 601. The defendant's structure when set up to receive the concrete is exactly the same as plaintiff's, except that the spiral coil is not rigidly fixed by kerfs and spurs on the bar. · This enables the structure to be collapsed when not in use, a commercial improvement for purposes of shipment, but which does not justify the defendant's appropriation of the plaintiff's structure.

The decree is reversed, with half costs to the plaintiff.