### VANDENBURGH v. ELECTRIC WELDING CO.*

(Circuit Court of Appeals, Third Circuit. February 19, 1920. Rehearing Denied March 29, 1920.)

No. 2479.

1. PATENTS ⬤⟳328—PATENT FOR REINFORCING BAR LIMITED AND NOT INFRINGED.

Claim 3 of the Vandenburgh reissue patent, No. 14,182, for a reinforcing bar for use in concrete work, *held* limited by the prior art to a bar with kerfs or cuts, in which the attached coil is placed and a tongue or spur, overlapping the kerf and holding the coil in place; and, as so limited, not infringed.

2. PATENTS ⬤⟳328—REISSUE PATENT FOR REINFORCING BAR HELD INVALID AS NOT WARRANTED BY ORIGINAL PATENT.

Claims 1 and 2 of the Vandenburgh reissue patent, No. 14,182, for reinforcing bars for use in concrete work, *held* invalid, as not warranted by the original patent.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 252 U. S. —— 40 Sup. Ct. 587, 64 L. Ed. ——

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit by George E. Vandenburgh against the Electric Welding Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Carlos P. Griffin, of San Francisco, Cal., for appellant.

Frederick W. Winter, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. On January 22, 1907, there was issued to George E. Vandenburgh patent No. 841,741, for a reinforcing bar. On August 15, 1916, a reissue of said patent was granted, No. 14,182. This reissue made no change from the original, either in the specification, in the figures, or in claim 3, here in issue; but claims 1 and 2, here in issue, are new. Vandenburgh having charged the Electric Welding Company with infringing said three claims of the reissue, and the court below having, on final hearing, held the claims invalid and dismissed the bill, Vandenburgh took this appeal.

[1] After argument and due consideration, we are of opinion the court below made no error in dismissing the bill. The grounds of our conclusion we now record:

The combination device, which Vandenburgh disclosed in his specification, was a particular type of attachment of coils and reinforcing bars in concrete work. Both coils of wire and reinforcing bars to which such coils were attached were prior devices in use in that art. Taking these two familiar devices of coil and bar, Vandenburgh disclosed a new way of attaching the coil and bar for use in the concrete reinforcing art, to wit, by the use of kerf or cut in the side of the bar in which the coil was placed, and a tongue or spur overlapping the kerf, which spur, when bent down, served to hold the coil in place. This seating of the bar in the kerf cut and keeping it in place by the overlapping spur or tongue, Vandenburgh set forth in his specification as follows:

"As a preferred means of securing the coils to the bar I have shown a series of kerfs 8 in *one face of the bar* inclined away from the center of the bar toward the opposite ends thereof, and the coils are seated within these kerfs and *held therein* by means of the integral spurs 9, *which are forced downward* upon the coils when inserted and *permanently retain them in position*"

—and embodied in his third claim as follows:

"A reinforcing bar provided upon *one end* with a series of kerfs, each having an integral overlapping spur, and a coil disposed in said kerfs; each convolution thereof being retained beneath one of said spurs."

Now, while a kerf or cut in the edge of a bar was a common mechanical expedient, no one had used it in concrete reinforcement until Vandenburgh disclosed his device. But, other than a combination using a kerf, Vandenburgh disclosed nothing new in his specification. Finding his kerfed combination novel, regarding it as useful, and assuming for present purposes, as we will, that it embodied invention, there is no reason for regarding it as other than a narrow con-

tribution to the art of a specific type of coil and bar attachment. In the nine years between its grant and the filing of this bill, Vandenburgh's patent made no impress in the art, and we give the patentee the full measure of his disclosure and the protection of his claim by limiting his field of monopoly to a reinforcing bar with a kerf and an integral overlapping spur, as embodied in his third claim.

Thus limited, such claim is not infringed by the defendant's structure. It has coils, which, as we have seen, are old; it has a reinforcing bar, which is also old; and the two are attached, but the crux is: How are they attached? Are they attached by a kerf cut? Mere attachment of bar and coil were old, and Vandenburgh's advance consisted, not in bar and coil attachment generally, but in the kerf and spur attachment. This form of attachment being the gist of Vandenburgh's patent, it must be the test of defendant's infringement, or, in other words, does the defendant use the kerf and spur attachment of Vandenburgh's claim? In our judgment, it does not. The kerf of the claim is upon one end, which can only mean one edge of the reinforcing bar, which end or edge cut is the only form of bar and kerf cut disclosed by Vandenburgh, and his bar is a flat bar, and the kerfs are cut diagonally into the edge of such flat bar. On the other hand, the bar of the defendant's device consists of a channel bar and there is no cut of any kind in the end or edge of either of the channel sides. On the contrary, attachment in defendant's bar is made by using the back body of the central bar of the channel and stamping a tongue out of said solid central back portion, and then winding such tongue over the coil, which does not rest in the body of the bar but outside of it.

It will thus be seen the defendant's coil is not restrained by the body of the bar, or by the sides of any cut in the body of the bar, but is restrained wholly by the tongue, which surrounds and holds the coil. In Vandenburgh's structure, the tongue or spur simply holds the coil in the kerf recess, and it is the cut sides of the kerf which hold the coil in place. If Vandenburgh's spur or tongue broke, the kerf sides would still have a coil-restraining function. But in defendant's device the sides of the cut in the body structure do not restrain or hold the coil; that is the function of the stamped cut, coil-encircling tongue. If defendant's tongue broke, there would be absolutely no coil and bar attachment or restraint, for the cut in the bar has no functional purpose whatever, save to create a tongue, and the attaching, functional agency of defendant's tongue would be the same if no cut in the reinforcing bar were made but the tongue was made by riveting it on the reinforcing bar. For these reasons we are clear defendant's structure does not infringe the third claim.

[2] Seeing, then, that the kerf and overlapping spur in combination constituted the real invention of Vandenburgh, and that he disclosed no other form of attachment, it is quite evident he was not entitled to broad claims of the generic type, which he secured on the reissue in claims 1 and 2. Kerf and overlapping spurs are not embodied in these claims, and it is manifest that these claims, unrestricted by the limitation of kerf and spur, were only added 9 years after his patent

263 F.—7

was granted, to make infringers of those who used other forms of attachment than the kerf and overlapping spur, which alone Vandenburgh disclosed, and which were the sole warrant for the grant of his patent.

Such being the case, it is clear the court below was not in error in dismissing the bill.