## VANDENBURGH v. CONCRETE STEEL CO.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

### No. 120.

1. Patents ⬅312(1)—Burden of apportioning profits on accounting held on infringer.

Where the patented feature gives the whole value to an infringing structure, without which it would not be salable, the fact that the infringing article has also a collapsible feature, which effects a saving of freight in its shipment, does not impose on complainant the burden of apportioning the profits on an accounting for the infringement.

2. Patents ⬅318(5)—Interest on recovery for infringement runs from date of master's report.

In an infringement case, where there is a genuine controversy, interest on profits recovered runs from the date of the master's report.

Appeals from the District Court of the United States for the Southern District of New York.

Suit in equity by George E. Vandenburgh against the Concrete Steel Company. From the final decree, both parties appeal. Affirmed.

See, also, 258 Fed. 143; 257 U. S. ——, 42 Sup. Ct. 186, 66 L. Ed. ——.

Carlos P. Griffin, of San Francisco, Cal., and O. Ellery Edwards, of New York City, for plaintiff.

Emery, Varney, Blair & Hoguet, of New York City (Lucius E. Varney, Thomas J. Johnston, and Manvel Whittemore, all of New York City, of counsel), for defendant.

Before ROGERS, MANTON and MAYER, Circuit Judges.

MAYER, Circuit Judge. This is the ordinary patent infringement suit, which now comes here on appeal from a final decree adjudging that plaintiff recover from defendant profits in the sum of $15,918.33, with interest from the date of the master's report.

Originally the District Court dismissed the bill for noninfringement, but the decree was reversed, for the reasons stated in 258 Fed. 143. Thereafter, in due course, the usual interlocutory decree was entered, inter alia, referring the accounting to a special master. The special master reported that plaintiff was entitled to recover profits, but not damages. The District Court sustained this report. Both the District Judge and the master wrote opinions, fully and carefully discussing the questions involved.

1. The patent has been considered by several courts (Vandenburgh v. Electric Welding Co. [D. C.] 259 Fed. 579, and [C. C. A.] 263 Fed. 95, certiorari denied 253 U. S. 497, 40 Sup. Ct. 587, 64 L. Ed. 1031; Vandenburgh v. Truscon Steel Company, opinion of District Court for the Northern District of Ohio, Eastern Division, dated September 23, 1920, decree affirmed, 277 Fed. 345), and there have been differences of opinion. The law of this case, however, is that set forth in this court's opinion per Judge Ward in 258 Fed. 143, supra. The gist of the case may be recalled by the following quotation:

"These claims [3 and 5 of the reissue] should be construed consistently with the specifications, which are also literally the same in each patent, as meaning that the spiral coil is rigidly connected with the longitudinal bar at each point of contact. So construed, the claim describes a continuous spiral rigidly and integrally connected with kerfs and spurs in the bar, constituting a trusslike structure within the body of the concrete, resisting lateral and longitudinal strains, and which can be more cheaply manufactured than if the spiral were riveted or welded to the bar at each point of contact. The defendant's witness Cummings frankly admits that this form of reinforcing structure was new in cement work and has come into general use. * * * The defendant's structure when set up to receive the concrete is exactly the same as plaintiff's except that the spiral coil is not rigidly fixed by kerfs and spurs on the bar. This enables the structure to be collapsed when not in use, a commercial improvement for purposes of shipment, but which does not justify the defendant's appropriation of the plaintiff's structure."

Defendant's collapsible feature thus did not avoid infringement, but merely added a commercial improvement for purposes of shipment.

[1] It is contended by defendant that the case is one for apportionment of profits, and that court and master erred when they ascribed (as did plaintiff) the whole value of defendant's structure as a commercial article to the Vandenburgh patent feature. The theory of defendant is that all—or, in any event, part—of the commercial value of defendant's structure was due to its collapsible feature, and, but for this, the structure would not have been salable. Therefore defendant contends that, when plaintiff has not adduced any testimony that the structure is salable when not collapsible, or of the profits due to collapsibility, plaintiff has failed to carry the burden of proof cast upon him. Westinghouse v. Wagner Mfg. Co., 225 U. S. 604, 32 Sup. Ct. 691, 56 L. Ed. 1222.

Defendant did not introduce any testimony in respect of apportionment. It relied on its contention that, because plaintiff failed to produce testimony upon which an apportionment could be based, he would be entitled to nominal damages only. It may be assumed from the testimony of plaintiff's witnesses that, if the structure were shipped, there would be a saving in freight. It may also be assumed that in some instances, owing to competitive conditions, the determining factor in a sale might be this saving. Yet it is entirely plain that there never would have been any sale whatever without this Vandenburgh feature. It was the Vandenburgh "form of reinforcing structure," infringed by defendant, which was new in the art. The advantage, according to the expert Thayer, over the method, in the prior art, of riveting or wiring, is that—

"The method of wiring uses up a good deal of the section of the bar. It was wasted that way, and riveting is also expensive."

Thayer also mentioned the collapsible feature as a part of what he called the "Vandenburgh method"; but with this we do not agree, in view of our former decision. It is entirely clear, however, that defendant would never have sold a dollar's worth of its devices, had it not availed of plaintiff's patent. The cheapness of manufacture was due to plaintiff's disclosure, which, therefore, created defendant's device as a commercial commodity. Because, then, in some instances, the additional feature of collapsibility saved freight, it cannot be said that this feature placed the burden of showing apportionment on plaintiff.

The test is whether the invention of the patent gives the whole value to the infringing device. Obviously it must, in a case where the sale of the article would be impossible without availing of the disclosure of the patent, and, where the additional feature had no relation to the structure, qua structure, or to its shipment, as such, but only to reduced expense in transportation, accomplished by means which in no manner changed the character of the structure when used for the purposes for which it was designed. If, therefore, the saving of freight was an accounting element, the burden of so showing was on defendant. Westinghouse v. Wagner Mfg. Co., supra.

This is peculiarly illustrated in this case. Barbour, who is in charge of the details of the sales in defendant's New York office, was called by plaintiff. He testified as follows:

278 F.—39

"Q. 41. In any event, these spirals are shipped collapsed, connected to some longitudinal bars; you understand that to be the subject-matter of this suit? A. I understand that to be the subject-matter of this suit; but the spirals are not all shipped in that way, not in my territory.

"Q. 42. What percentage are shipped in any other way? A. You mean the territory I know about; that is, within New York City, or a radius of 25 miles of New York City?

"Q. 43. Where you are selling? A. In New York City, or a radius of 25 miles from New York, they ship what we call field assembled; that is, the coil wire is shipped. It is coiled to diameter and shipped separate as a coil, then the angles are punched and shipped separate; that is on account of a restriction.

"Q. 44. Assembled by you, or assembled by the contractor? A. By the contractor on the job, what we call field assembly; that is on account of a restriction, I think it is, Metal Lathers' Union; they won't allow us—they won't allow; I don't know as I should say 'us,' but they won't allow the contractors to use spiral in any other way in New York City, or within a radius of 25 miles of New York."

The foregoing shows that a considerable business was done by defendant without the collapsible feature because of the "union" restriction, and thus destroys any contention that collapsibility was, in all instances, an indispensable requisite. From what has been said supra, there was no obligation upon plaintiff to apportion the profits between the Vandenburgh features and the prior art. There was no standard of comparison, and, on the evidence in this case, there was no occasion for that reason to apportion profits. See Philadelphia Rubber Works Co. v. U. S. Rubber Reclaiming Works, 277 Fed. 171, recently decided by this court.

2. On the facts in the case, as clearly set forth by the master and approved by Judge Knox, there was no evidence which afforded any basis for fixing the amount of a reasonable royalty. We think this question was wholly one of fact, to be disposed of on settled principles which do not call for exposition.

[2] 3. Plaintiff urges that he is entitled to recover interest at 6 per cent. as to each item of profit from the date thereof as set forth in defendant's account. There is no evidence of wanton infringement. The mere fact that the courts held different views as to the claims of the patent is sufficient to negative any such suggestion. Metallic Rubber Tire Co. v. Hartford Rubber Works Co., 275 Fed. 315; Philadelphia Rubber Works Co. v. U. S. Rubber Reclaiming Works et al., 277 Fed. 171. In an infringement case, where there is a genuine controversy, it is settled in this circuit that interest runs from the filing date of the master's report. Oehring v. Fox Typewriting Co., 251 Fed. 584, 163 C. C. A. 578; Metallic Rubber Tire Co. v. Hartford Rubber Works Co., supra; Philadelphia Rubber Works Co. v. U. S. Rubber Reclaiming Works et al., supra.

4. Plaintiff, contrary to defendant's contention, was not guilty of laches, and there were no intervening rights. Plaintiff has recovered profits only from August 15, 1916, the date of the reissue patent.

The decree is affirmed, without costs on this appeal.

In view of the result, there is no occasion to deal further with the master's motion to dismiss or affirm as to his allowance.